Matthew L. Rollin (SBN 332631)
**SRIPLAW**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.364.6565 – Telephone
561.404.4353 – Facsimile
matthew.rollin@sriplaw.com

*Attorneys for Plaintiff Barry W. Rosen*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| BARRY W. ROSEN,<br><br>        Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br>AMAZON.COM SERVICES, LLC,<br>AMAZON TECHNOLOGIES, INC.,<br>AMAZON.COM.CA, INC, and DOES 1 through 10<br><br>        Defendant. | Case No.:  2:24-cv-00771<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (INJUNCTIVE RELIEF DEMANDED) (17 U.S.C. § 501)**<br><br>**Demand for Jury Trial** |

Plaintiff BARRY W. ROSEN by and through his undersigned counsel, brings this Complaint against Defendant AMAZON.COM, INC. AMAZON.COM, INC., AMAZON.COM SERVICES, LLC, AMAZON TECHNOLOGIES, INC., AMAZON.COM.CA, INC., and DOES 1 through 10 (collectively, "Defendants") for damages and injunctive relief, and in support thereof states as follows:

## JURISDICTION AND VENUE

1. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

2. This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331, 17 U.S.C. § 501(a) and 28 U.S.C. § 1338(a).

3. Defendants are subject to personal jurisdiction in California as they are either California residents, or registered to do and/or regularly conduct business in the State of California.

4. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) as the claim arises in this Judicial District, the Defendants are registered businesses with the State of California, the Defendants may be found and transact business in this Judicial District, the infringement occurred in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District.

## THE PARTIES

5. Barry W. Rosen, ("Plaintiff" or "Rosen") is an individual residing in Los Angeles, California. At all relevant times Rosen was the owner of the copyrighted photographs at issue in this case.

6. Upon reasonable belief, AMAZON.COM, INC. is a Delaware Corporation, with its principal place of business at 410 Terry Ave N. Seattle, Washington 98109, and can be served through its Registered Agent, Corporation Service Company at 300 Deschutes Way SW Ste 208 MC-CSC1, Tumwater, Washington 98501. Amazon.com, Inc. is believed to be the parent company of all of the other affiliate companies at issue in this action. Amazon.com, Inc. is believed to operate the website amazon.com and is the listed domain owner for amazon.co.uk.

7. Upon reasonable belief, AMAZON.COM SERVICES, LLC is a Delaware Corporation affiliate of Amazon.com, Inc, with its principal place of business at 410 Terry Ave N. Seattle, Washington 98109, and can be served through

its Registered Agent, Corporation Service Company at 300 Deschutes Way SW Ste 208 MC-CSC1, Tumwater, Washington 98501. Amazon.com Services, LLC is believed to operate the website amazon.com in conjunction with its parent company amazon.com and is listed as such on the Amazon.com website.

8. Upon reasonable belief, AMAZON TECHNOLOGIES, INC. is an affiliate of Amazon.com, Inc., and is a Nevada Corporation with its principal place of business at 410 Terry Ave N. Seattle, Washington 98109 and can be served through its Registered Agent, Corporation Service Company at 112 North Curry Street, Carson City, NV, 89703, USA. Amazon Technologies, Inc., is the listed domain owner for amazon.com, amazon.ca, souk.com, amazon.com.mx, media-amazon.com, ssl-images-amazon.com (collectively the "Amazon Websites"), and many others.

9. Amazon Technologies, Inc. is believed to own/operate all the image servers aka images services system or media services used as the underlying source of images for the Amazon Websites.

10. Upon reasonable belief, AMAZON.COM.CA, INC is a Delaware Corporation affiliate of Amazon.com, Inc, with its principal place of business at 410 Terry Ave N. Seattle, Washington 98109, and can be served by serving its Registered Agent, Corporation Service Company at 300 Deschutes Way SW Ste 208 MC-CSC1, Tumwater, Washington 98501.

11. Defendants AMAZON.COM, INC. AMAZON.COM, INC., AMAZON.COM SERVICES, LLC, AMAZON TECHNOLOGIES, INC., AMAZON.COM.CA, INC. are collectively referred to herein as "Amazon."

12. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally

responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

### Plaintiff and the Photographs Forming the Subject Matter of This Dispute

13. Rosen has been a professional photographer for nearly 40 years creating distinguished photographic works. Over that time, he produced photographs for numerous large advertisers including beer companies, sunglass makers, and companies in the ski, fashion, and jewelry industries. Rosen's images have been included as album covers for record companies, produced in numerous calendars, and printed as famous posters that have been distributed worldwide. His work has been included in editorials for magazines and newspapers featuring famous celebrities, models, and sports stars. He has been featured on television shows such as Extra, Entertainment Tonight, and Access Hollywood.

14. Throughout the course of his career, Rosen authored a compelling series of photographs of celebrities, models and athletes. Some of these photographs serve as the subject matter of this dispute and will hereinafter be individually referred to as a "Photograph," and collectively referred to as the "Photographs." A list of the Photographs is attached as **Exhibit 1**. Rosen registered each Photograph with the Copyright Office under various registration numbers as listed in **Exhibit 2**.

15. At all relevant times Rosen was the owner of the copyrighted Photographs at issue in this case.

16. This is an action for damages and injunctive relief against Defendants for, inter alia, willful, direct, contributory, and vicarious copyright infringement in violation of the Copyright Act of the United States, 17 U.S.C. §§ 101, et seq.

17. Amazon has never been licensed to use any of the Photographs for any purpose. Rosen never granted any entity or individual rights to sell physical or digital copies of the Photographs on the Amazon Websites.

18. Rosen and Amazon previously entered into a confidential settlement agreement ("Settlement").

19. The Settlement outlined Rosen's and Amazon's responsibilities regarding future copyright infringement, entitled "Specialized Notice and Takedown Procedure Prior to Filing Suit."

20. Rosen has followed the Specialized Notice and Takedown Procedure to the best of his ability, but Amazon breached its duty to the Settlement by failing to abide by its responsibilities under the Settlement.

## Amazon, Its Affiliates and Infringing Conduct

21. At all times relevant herein, Amazon (and/or one of its affiliates) owned and operated the internet websites and servers located at several domains including but not limited to amazon.com, amazon.ca, amazon.co.uk, amazon.in, media-amazon.com, ssl-images-amazon.com (collectively the "Amazon Websites"), amongst others.

22. Amazon intentionally allowed, provided material assistance, or otherwise induced sellers to post infringing copies of Rosen's copyrighted works on its e-commerce online marketplace platform(s) on the Amazon Websites to advertise, market and promote business activities, and/or to sell infringing products predominantly consisting of posters for profit.

23. Rosen notified Amazon of the infringing activities of its users through a series of DMCA takedown notices.

24. After Rosen's notifications, Amazon failed to remove infringements from websites/servers, and/or failed to terminate users where appropriate despite red-flag knowledge of repeated or ongoing infringing activities.

25. As a direct result of this failure to respond to DMCA takedown notices, twenty-one Photographs were reproduced, displayed, and/or distributed without

1  authorization on the Amazon Websites, resulting in approximately 371 infringements
2  over the last three (3) years.

3      26.    The Works appeared on several Amazon seller accounts, including but not limited to: JP The Brick (aka Spot Dog), FC Carino, Warm Keepers, Posh LJ, Shine On, Geary Stop LLC (aka Tick Tock Lewis), xiangmashangmao, huizhenruochunmaoyi, huicongshangdian, YLXB/linfeng, Giish/Lin Qingyang, Mojdi/lin yu hang, bludug/chenguojing, AOMACA, ASIOADWNA/wujianhaomzns, wangxinyuesdh, FlowerWine/chenyongguidedian, and KDRW/xianyoubansuiyouxiangon.

    27.    Many of these Amazon seller accounts were repeat infringers and had been subject of multiple notices to Amazon for dozens of infringements, yet Amazon continually failed to terminate the user accounts or to maintain a proper DMCA termination policy.

    28.    Some of these user accounts are still active as of the filing of this action. As a result, Amazon has demonstrated it does not have a termination policy and does not qualify for safe harbor protection under 17 U.S.C. § 512(c).

    29.    Amazon either had or should have had reason to know that the sellers of various infringing posters reported by Rosen were fake accounts and/or directly related to two separate identifiable infringers located in California who are likely either all the same people or are otherwise working together.

    30.    Defendants Amazon.com, Inc. and Amazon.com.ca, Inc. do not qualify for safe harbor protection under 17 U.S.C. § 512(c) due to their vicarious liability and willful blindness to the infringing behavior.

    31.    Defendants Amazon.com Services, LLC, and Amazon Technologies, Inc. do not qualify for safe harbor protection under 17 U.S.C. § 512(c) as they do not have a designated DMCA agent listed with the U.S. Copyright Office.

**Specific Infringing Conduct**

32. On January 31, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that Rosen's photograph of Model/Celebrity Erica Eleniak registered under Vau 692-231 was being displayed on a product detail page ("PDP") on its image servers/network via amazon.com/ssl-images-amazon.com. Amazon failed to comply with its obligations under the Settlement by failing to remove the photograph after receiving multiple DMCA notices.

33. On January 31, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that Rosen's photograph of Model/Celebrity Amy Weber registered under VAu653-336 was being displayed on a PDP and on its image servers/network via amazon.com/ssl-images-amazon.com. Amazon failed to comply with its obligations under the Settlement by failing to remove the photograph after receiving multiple DMCA notices.

34. On January 31, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that Rosen's photograph of Model Sonia Vera registered under VAu692-225 was being displayed on a PDP and on it image servers/network via amazon.com/ssl-images-amazon.com. Amazon failed to comply with its obligations under the Settlement by failing to remove the photograph after receiving multiple DMCA notices.

35. On January 31/February 1, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that Rosen's photograph of Model/Celebrity Daisy Fuentes registered under VAu692-230 was being displayed on a PDP and on it image servers/network via amazon.com/ssl-images-amazon.com. Amazon failed to comply with its obligations under the Settlement by failing to remove the photograph after receiving multiple DMCA notices.

36. On January 31, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that a second of Rosen's photographs of Model/Celebrity Erica Eleniak

registered under VAu 692-231 was being displayed on a PDP on its image servers/network via amazon.com/ssl-images-amazon.com. Amazon failed to comply with its obligations under the Settlement by failing to remove the photograph after receiving multiple DMCA notices.

37. On January 31, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that Rosen's photograph of Model/Celebrity Gena Lee Nolin registered under VA 1-230-933 was being displayed on a PDP on its image servers/network via amazon.com/ssl-images-amazon.com.

38. On February 1, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that Rosen's photograph of Model/Celebrity Sofia Vergara registered under Vau692-231 was being displayed on a PDP on its image servers/network via amazon.co.uk/media-amazon.com. On July 29, 2022, Rosen discovered that the images had been reposted by Amazon to its PDP/image servers/network under different URL's than existed on February 1, 2021. Rosen notified Amazon on July 29, 2022, pursuant to the Settlement Procedure of the new URL's for the reposted photograph. On August 1, 2022, Rosen followed up to find that the image had been willfully reposted by Amazon to its PDP/image servers/network under for a second time at yet another different URL. Amazon failed to comply with its obligations under the Settlement by failing to remove the photograph after receiving multiple DMCA notices.

39. On February 2, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that Rosen's photograph of Celebrity Jeri Ryan registered under Vau660-267 was being displayed on a PDP on its image servers/network via amazon.com/ssl-images-amazon.com.

40. On February 3, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that Rosen's photograph of Model/Celebrity Gena Lee Nolin registered under VA 1-239-7591 was being displayed on a PDP on its image servers/network via

amazon.ca/ssl-images-amazon.com. Rosen is aware that Amazon is in direct possession of the unauthorized infringing items in its warehouse facilities and that Amazon desires to profit from the sale of the items in its direct possession. Rosen believes that Amazon may have profited from advertising on the PDP's related to the infringing activity.

41. On February 4, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that a second of Rosen's photographs of Model Sonia Vera registered under VAu692-225 was being displayed on a PDP on its image servers/network via amazon.es/amazon.it/amazon.nl/Amazon.fr/ssl-images-amazon.com. Amazon failed to comply with its obligations under the Settlement by failing to remove the photograph after receiving multiple DMCA notices.

42. On February 11, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that Rosen's photograph of Model/Celebrity Gena Lee Nolin registered under VA 1-230-937 was being displayed on a PDP on its image servers/network via amazon.com/ssl-images-amazon.com. Amazon failed to comply with its obligations under the Settlement by failing to remove the photograph after receiving multiple DMCA notices.

43. On February 11, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that a second of Rosen's photographs of Model/Celebrity Gena Lee Nolin registered under VA 1-231-145 was being displayed on a PDP on its image servers/network via amazon.com/ssl-images-amazon.com. Amazon failed to comply with its obligations under the Settlement by failing to remove the photograph after receiving multiple DMCA notices.

44. On February 11, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that a second of Rosen's photographs (same photograph as Jan 31, 2021) of Model/Celebrity Erica Eleniak registered under VAu 692-231 was being displayed on a PDP on its image servers/network via amazon.com/ssl-images-amazon.com.

Amazon failed to comply with its obligations under the Settlement by failing to remove the photograph after receiving multiple DMCA notices.

45. On February 11, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that a third of Rosen's photographs (same photograph as Jan 31, 2021) of Model/Celebrity Erica Eleniak registered under VAu 692-231 was being displayed on a PDP on its image servers/network via amazon.com/ssl-images-amazon.com. Amazon failed to comply with its obligations under the Settlement by failing to remove the photograph after receiving multiple DMCA notices.

46. On February 14, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that Rosen's photograph of Model/Celebrity Gabrielle Tuite registered under VA 1-230-938 was being displayed in two (2) separate instances on PDP's on its image servers/network via amazon.com/ssl-images-amazon.com. Amazon failed to comply with its obligations under the Settlement by failing to remove the photograph after receiving multiple DMCA notices.

47. On February 14, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that a second of Rosen's photographs of Model/Celebrity Gabrielle Tuite registered under VA VAu692-302 was being displayed in two (2) separate instances on a PDP's on its image servers/network via amazon.com/ssl-images-amazon.com. Amazon failed to comply with its obligations under the Settlement by failing to remove the photograph after receiving multiple DMCA notices.

48. On February 14, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that third of Rosen's photographs of Model/Celebrity Gabrielle Tuite registered under VA 1-230-938 was being displayed on a PDP on its image servers/network via amazon.com/ssl-images-amazon.com. Amazon failed to comply with its obligations under the Settlement by failing to remove the photograph after receiving multiple DMCA notices.

49. On June 23, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that Rosen's photograph of Model/Sports Star Anna Kournikova registered under VA 1-230-934 was being displayed on a PDP and on its image servers/network via amazon.com/ssl-images-amazon.com. Amazon failed to comply with its obligations under the Settlement by failing to remove the photograph after receiving multiple DMCA notices.

50. On June 28, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that a derivative work consisting of Rosen's photograph of Model/Sports Star Anna Kournikova registered under VA 1-239-766 was being displayed on a PDP and on its image servers/network via amazon.com/ssl-images-amazon.com. Amazon failed to comply with its obligations under the Settlement by failing to remove the photograph after receiving multiple DMCA notices. Five (5) copies of the photograph are still being displayed on Amazon's servers/network as of the date of this complaint.

51. On September 13, 2021, September 15, 2021, and September 17, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that a third of Rosen's photograph of Model/Celebrity Erika Eleniak (same as February 11, 2021) registered under Vau692-231 was being displayed on a PDP and on its image servers/network via amazon.com/amazon.ca/media-amazon.com. Amazon failed to comply with its obligations under the Settlement by failing to remove the photograph after receiving multiple DMCA notices. Five (5) copies related to each of the notifications of the photographs are still being displayed on Amazon's servers/network as of the date of this complaint.

52. On October 17 and 18, 2021, Rosen notified Amazon pursuant to the Settlement Procedure that multiple instances of derivatives of Rosen's photograph of Celebrity Alison Eastwood registered under VA 1-231-031 was being displayed on a PDP on its image servers/network via amazon.com/amazon.ca/media-amazon.com. On July 29, 2022, Rosen discovered that the images had been reposted by Amazon to

1  its PDP/image servers/network under different URLs. Rosen notified Amazon on July
2  29, 2022, pursuant to the Settlement Procedure of the new URLs. Rosen further
3  notified Amazon on August 1, 2022. Amazon failed to comply with its obligations
4  under the Settlement by failing to remove the photograph after receiving multiple
5  notices.

6  53. On September 19, 2023, Rosen notified Amazon pursuant to the
7  Settlement Procedure that a derivative work consisting of Rosen's photograph of
8  Model/Celebrity Sofia Vergara registered under VAu660-266 was being displayed on
9  a PDP and on its image servers/network via amazon.com/amazon.ca/media-
10 amazon.com. Amazon failed to comply with its obligations under the Settlement by
11 failing to remove the photograph after receiving multiple DMCA notices.

12 54. On October 13, 2023, Rosen notified Amazon pursuant to the Settlement
13 Procedure that a derivative work consisting of Rosen's photograph of Celebrity Jeri
14 Ryan registered under Vau660-267 was being displayed on a PDP and on its image
15 servers/network via amazon.com/ssl-images-amazon.com. Amazon failed to comply
16 with its obligations under the Settlement by failing to remove the photograph after
17 receiving multiple DMCA notices.

18 55. Amazon copied Rosen's copyrighted Works without Rosen's permission
19 and stored them on their networks and servers.

20 56. Amazon, without consent or license, reproduced, distributed, and
21 publicly displayed the Photos on the Amazon Websites for commercial purposes.

22 57. Amazon copied and distributed Rosen's copyrighted Works in connection
23 with Amazon's business for purposes of advertising and promoting Amazon's
24 business, and in the course and scope of advertising and selling products and services.

25 58. Amazon sought to profit or actually profited from the sale of infringing
26 physical copies of Rosen's works.

27
28

59. Rosen's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

60. Rosen never gave Amazon or its users permission or authority to copy, distribute or display the Works as described above.

## **FIRST CLAIM FOR RELIEF**
### **(Copyright Infringement, 17 U.S.C. § 501)**

61. Rosen incorporates the allegations of paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. Rosen owns valid copyrights in the Works at issue in this case.

63. Rosen registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

64. Amazon copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without Rosen's authorization in violation of 17 U.S.C. § 501.

65. Amazon performed the acts alleged in the course and scope of its business activities.

66. Amazon's acts were willful.

67. Amazon Defendants do not qualify for any DMCA safe harbor for failures to comply with the requirements of the DMCA including failures to take down in response to notifications, failures to adopt and implement repeat infringer policies and failures to publish such policies and (specifically related to Amazon Technologies) failure to register a DMCA agent with the copyright office.

68. Rosen has been damaged.

69. The harm caused to Rosen has been irreparable.

///

///

///

## SECOND CLAIM FOR RELIEF

### (Contributory Copyright Infringement, 17 U.S.C. § 501)

70. Rosen incorporates the allegations of paragraphs 1 through 60 of this Complaint as if fully set forth herein.

71. Plaintiff is informed and believes and thereon alleges that Amazon knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Works as alleged hereinabove. Such conduct included, without limitation, publishing works obtained from third parties that Amazon knew, or should have known, were not authorized to be published by Amazon.

72. By reason of Amazon's acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

73. Due to Amazon's acts of copyright infringement as alleged herein, Amazon has obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Works. As such, Plaintiff is entitled to disgorgement of Amazon's profits directly and indirectly attributable to Amazon's infringement of the Works, in an amount to be established at trial.

74. Plaintiff is informed and believes and thereon alleges that Amazon has committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Amazon and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

///

///

## THIRD CLAIM FOR RELIEF

### (Vicarious Copyright Infringement, 17 U.S.C. § 501)

75. Rosen incorporates the allegations of paragraphs 1 through 60 of this Complaint as if fully set forth herein.

76. Rosen owns valid copyrights in the Works at issue in this case.

77. Rosen registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

78. Amazon copied, displayed and distributed the Works at issue in this case and made derivatives of the Works without Rosen's authorization in violation of 17 U.S.C. § 501.

79. Amazon had the right and ability to supervise the infringing activities alleged herein.

80. Amazon had a direct financial interest in the infringing activities alleged herein.

81. Amazon failed to exercise the right and ability to control what was posted on its websites.

82. As a result of Amazon's vicarious infringement as alleged above, Amazon obtained direct and indirect profits they would otherwise not have realized but for their infringements.

83. Amazon has continued to copy, display, and distribute the Works at issue with knowledge that such acts violate Rosen's intellectual property rights.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Amazon Defendants as follows:

1. For an order permanently enjoining Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be permanently enjoined from designing, copying,

reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any image or design which infringe, contributorily infringe, or vicariously infringe Plaintiff's rights in the photographs at issue.

2. For the entry of a seizure order directing the U.S. Marshal to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Plaintiff's copyrights, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff's copyrights in the photographs at issue as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like.

3. Defendant be required to pay Plaintiff his actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504 (a)(1) & (b);

4. For an accounting of all profits, income, receipts, or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

5. For costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b) and 17 U.S.C. § 505.

6. Plaintiff be awarded pre- and post-judgment interest.

7. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505.

8. Plaintiff be awarded such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff Barry W. Rosen hereby demands a trial by jury of all issues so triable.

DATED: January 29, 2024            Respectfully submitted,

*/s/ Matthew L. Rollin*
MATTHEW L. ROLLIN
**SRIPLAW, P.A.**
*Attorneys for Plaintiff Barry W. Rosen*