Ryan L. Frei (SBN 310722)
ryan.frei@klarquist.com
**KLARQUIST SPARKMAN, LLP**
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

*Counsel for Defendants Amazon.com, Inc., Amazon.com Services, LLC, Amazon Technologies, Inc. and Amazon.com.CA, Inc.*

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BARRY W. ROSEN,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. AMAZON.COM SERVICES, LLC, AMAZON TECHNOLOGIES, INC., AMAZON.COM.CA, INC., and DOES 1 through 10,<br><br>Defendants. | Case No.: 2:24-cv-00771-JLS-SK<br><br>DEFENDANT AMAZON.COM, INC. AMAZON.COM SERVICES, LLC, AMAZON TECHNOLOGIES, INC., AMAZON.COM.CA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT |

Defendants AMAZON.COM, INC. ("Amazon.com), AMAZON.COM SERVICES, LLC ("Amazon Services"), AMAZON TECHNOLOGIES, INC. ("Amazon Technologies"), and AMAZON.COM.CA, INC. ("Amazon Canada") (collectively, "Amazon"), by and through their undersigned counsel, hereby answer Plaintiff's Complaint for Copyright Infringement ("Complaint") as follows:

## JURISDICTION AND VENUE

1.   Amazon admits that the Complaint purports to arise under the Copyright Act.

2.   For the purposes of this action only, Amazon does not contest that this Court has subject matter jurisdiction over the action.

3.   For the purposes of this action only, Amazon does not contest that this Court has personal jurisdiction over Amazon.com, Amazon Services, and Amazon Technologies. Amazon denies the remaining allegations of paragraph 3 of the Complaint.

4.   For the purposes of this action only, Amazon does not contest that venue is proper in this Judicial District as to the claims against Amazon.com, Amazon Services, and Amazon Technologies. Amazon denies the remaining allegations of paragraph 4 of the Complaint, including any allegation that any defendant infringed.

## THE PARTIES

5.   Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6.   Amazon.com admits that it is a Delaware corporation, with its principal place of business at 410 Terry Ave N. Seattle, Washington 98109, and that it can be served through Corporation Service Company. Amazon.com admits that it is the direct or indirect parent corporation of Amazon Services, Amazon Technologies,

and Amazon Canada. Amazon.com admits that it is identified as the registrar of the domain amazon.co.uk. Amazon.com denies that it is the corporation that operates the website Amazon.com and denies all remaining allegations of paragraph 6 of the Complaint.

7. Amazon Services admits that it is a Delaware corporation, with its principal place of business at 410 Terry Ave N. Seattle, Washington 98109, and that it can be served through Corporation Service Company. Amazon Services admits that it is a direct or indirect subsidiary of Amazon.com, Inc. and that it operates the website Amazon.com. Amazon denies all remaining allegations of paragraph 7 of the Complaint.

8. Amazon Technologies admits that it is a Nevada corporation, with its principal place of business at 410 Terry Ave N. Seattle, Washington 98109, and that it can be served through Corporation Service Company. Amazon denies all remaining allegations of paragraph 8 of the Complaint.

9. Denied.

10. Amazon Canada admits that it is a Delaware corporation, with its principal place of business at 410 Terry Ave N. Seattle, Washington 98109, and that it can be served through Corporation Service Company.

11. Paragraph 11 of the Complaint does not state a fact that can be admitted or denied.

12. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

## STATEMENT OF FACTS

### Plaintiff and the Photographs Forming the Subject Matter of This Dispute

13. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

15. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16. Amazon admits that the Complaint purports to commence an action seeking alleged damages and injunctive relief against Defendants for, inter alia, alleged willful, direct, contributory, and vicarious copyright infringement in violation of the Copyright Act.

17. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18. Amazon admits that Rosen and Amzon.com, Inc. entered into an agreement dated October 3, 2014 ("2014 Agreement"). Amazon denies all remaining allegations of paragraph 18 of the Complaint.

19. Amazon admits that the 2014 Agreement included a section titled "Specialized Notice and Takedown Procedure Prior to Filing Suit." Amazon denies all remaining allegations of paragraph 19 of the Complaint.

20. Denied.

**Amazon, Its Affiliates and [Allegedly] Infringing Conduct**

21. Without knowledge of what "all times relevant herein" is intended to mean in the Complaint, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

### Specific [Allegedly] Infringing Conduct

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Amazon admits that on January 31, 2021, Rosen sent an email to an Amazon email address identifying an ASIN and two URL links that allegedly were related to a "Gena Nolin" photograph. Amazon denies that the notification included the information specified in paragraph 37 of the Complaint and denies that the notification complied with the "Specialized Notice and Takedown Procedure Prior to Filing Suit" specified in Article 2 of the 2014 Agreement between the parties. Amazon denies all remaining allegations of paragraph 37 of the Complaint.

38. Denied.

39. Amazon admits that on February 2, 2021, Rosen sent an email to an Amazon email address identifying an ASIN and two URL links that allegedly were related to a "Jeri ryan" photograph. Amazon denies that the notification included the information specified in paragraph 39 of the Complaint and denies that the notification complied with the "Specialized Notice and Takedown Procedure Prior to Filing Suit" specified in Article 2 of the 2014 Agreement between the parties. Amazon denies all remaining allegations of paragraph 39 of the Complaint.

40. Amazon admits that on February 3, 2021, Rosen sent an email to an Amazon email address identifying an ASIN and two URL links that allegedly were related to a "Gena Nolin" photograph. Amazon denies that the notification included the information specified in paragraph 40 of the Complaint and denies that the notification complied with the "Specialized Notice and Takedown Procedure Prior to Filing Suit" specified in Article 2 of the 2014 Agreement between the parties. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 of the Complaint.

41. Denied.
42. Denied.
43. Denied.
44. Denied.
45. Denied.
46. Denied.
47. Denied.
48. Denied.
49. Denied.
50. Denied.
51. Denied.
52. Denied.
53. Denied.
54. Denied.
55. Denied.
56. Denied.
57. Denied.
58. Denied.

59. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint.

60. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501)

61. Amazon incorporates its responses to the allegations of paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Complaint.

63. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## SECOND CLAIM FOR RELIEF

### (Contributory Copyright Infringement, 17 U.S.C. § 501)

70. Amazon incorporates its responses to the allegations of paragraphs 1 through 60 of this Complaint as if fully set forth herein.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## THIRD CLAIM FOR RELIEF

### (Vicarious Copyright Infringement, 17 U.S.C. § 501)

75. Amazon incorporates its responses to the allegations of paragraphs 1 through 60 of this Complaint as if fully set forth herein.

76. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Complaint.

77. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Complaint.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## ADDITIONAL DEFENSES

Further answering and as additional defenses, Amazon states the following without admitting any allegation of the Complaint not otherwise admitted and without assuming the burden of proving any fact that is otherwise Plaintiff's burden to prove. Amazon reserves the right to amend or augment these defenses based on further investigation and discovery.

### FIRST ADDITIONAL DEFENSE
### (NO INFRINGEMENT)

1. Amazon does not infringe and has not infringed the asserted copyrights.

2. To the extent Plaintiff's infringement claims are based on images being stored on servers but not reasonably accessible to the public, there can be no infringement because, *inter alia*, the accused images were not distributed or disseminated.

## SECOND ADDITIONAL DEFENSE
### (STATUTE OF LIMITATIONS)

3. At least some claims by Plaintiff are limited by the three-year statute of limitations.

## THIRD ADDITIONAL DEFENSE
### (SUIT BARRED BY CONTRACT)

4. All or part of Plaintiff's suit is barred by the October 4, 2014 agreement between Plaintiff and Amazon.com, Inc., including but not limited to Article 2 of that agreement.

## FOURTH ADDITIONAL DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

5. Plaintiff's claims against Amazon, if any, are barred in whole or in part by failure to mitigate damages.

## FIFTH ADDITIONAL DEFENSE
### (DMCA SAFE HARBOR)

6. Plaintiff's claims, if any, are barred in whole or in part by Plaintiff's failure to provide valid notices under the DMCA.

## SIXTH ADDITIONAL DEFENSE
### (SUBSTANTIAL NON-INFRINGING USES)

7. Plaintiff's claims alleging contributory copyright infringement are barred because the Amazon website and its detail pages have substantial non-infringing uses.

## SEVENTH ADDITIONAL DEFENSE
### (LACK OF KNOWLEDGE)

8. Plaintiff's claims based on contributory or vicarious liability for copyright infringement are barred because Amazon did not have requisite knowledge of the alleged primary infringement by third-party sellers and did not encourage or induce the alleged primary infringement by third-party sellers.

## EIGHTH ADDITIONAL DEFENSE
### (NO PRIMARY LIABILITY)

9. Plaintiff's claim for direct infringement liability is barred because Amazon engaged in no volitional act of infringement of the photographs at issue. Plaintiff's claims based on secondary liability theories are barred because Plaintiff cannot establish the primary liability for direct copyright infringement by third-party sellers, including because such third-party sellers' alleged conduct constitutes fair use, *de minimis* use, and/or is otherwise not actionable.

## NINTH ADDITIONAL DEFENSE
### (EXTRATERRITORIAL CLAIMS)

10. At least some claims by Plaintiff allege infringement based on acts that occurred entirely outside the United States and, as such, are not subject to claims under the Copyright Act of the United States.

## TENTH ADDITIONAL DEFENSE
### (OWNERSHIP, LICENSE)

11. On information and belief, Plaintiff does not own the copyrights in the allegedly infringed works, and/or authorized others to make products that Plaintiff now accuses. On information and belief, some merchants that may have sold or attempted to sell allegedly infringing articles through Amazon's website obtained a license for such sales and/or offers for sale.

## ELEVENTH ADDITIONAL DEFENSE
### (INJUNCTIVE/EQUITABLE RELIEF NOT WARRANTED)

12. Plaintiff is not entitled to injunctive or any other equitable relief because Plaintiff has an adequate remedy at law and because any alleged injury to Plaintiff is not immediate or irreparable.

## TWELFTH ADDITIONAL DEFENSE
### (FAILURE TO TIMELY REGISTER WORKS)

13. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to timely register his works.

### THIRTEENTH ADDITIONAL DEFENSE
### (INNOCENCE)

14. Plaintiff's claims are barred in whole or in part because Amazon's conduct was in good faith and with non-willful intent, at all times, and the alleged infringement, if any, was innocent.

### FOURTEENTH ADDITIONAL DEFENSE
### (FIRST SALE DOCTRINE)

15. Plaintiff's claims are barred in whole or in part by the first sale doctrine because, on information and belief, the third-party sellers Plaintiff alleges offered for sale or sold the allegedly infringing photographs on www.amazon.com lawfully acquired ownership of the original or authorized copies of the photographs. The posting of digital images of such photographs on Amazon websites by third-party resellers solely to facilitate the sale of such photographs is subject to the first sale doctrine.

### FIFTEENTH ADDITIONAL DEFENSE
### (FAIR USE)

16. Plaintiff's claims are barred in whole or in part by the doctrine of fair use, 17 U.S.C. § 107. Amazon complied with the DMCA and adequately disabled access to any allegedly infringing work for which it received adequate notice under the DMCA. To the extent any links to, or other access to the allegedly infringing works for which Amazon received adequate notice under the DMCA remained available on www.amazon.com or through any other website or mechanism, such availability qualifies as fair use because such use was for a non-commercial, purely incidental, archival, transformative and/or other fair use purpose.

### SIXTEENTH ADDITIONAL DEFENSE
### (*DE MINIMIS* USE)

17. Plaintiff's claims are barred, in whole or part, because Amazon's use, if any, of Plaintiff's copyrighted works has been *de minimis*.

## SEVENTEENTH ADDITIONAL DEFENSE
## (MISUSE)

18. Plaintiff's claims are barred in whole or part by the doctrine of copyright misuse.

## EIGHTEENTH ADDITIONAL DEFENSE
## (THIRD PARTY DEFENSES)

19. Plaintiff's claims are barred in whole or in part by any defense that could be asserted by third parties who are alleged to be direct infringers of Plaintiff's copyrights, including express and implied license, estoppel, de minimis use, and fair use.

## NINETEENTH ADDITIONAL DEFENSE
## (INDISPENSABLE PARTIES)

20. Plaintiff has failed to name or join all necessary and indispensable parties.

## TWENTIETH ADDITIONAL DEFENSE
## (FAILURE TO STATE A CLAIM)

21. Plaintiff has failed to state a claim against Amazon upon which relief can be granted.

## RESERVATION OF RIGHTS

22. Amazon reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the copyright laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and, further factual investigation in this case.

## RE: PLAINTIFF'S PRAYER FOR RELIEF

Amazon denies that Plaintiff is entitled to any relief from Amazon, including the relief prayed for in Plaintiff's Prayer for Relief.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), Amazon hereby demands a jury trial on all issues so triable.

Dated: September 25, 2024          Respectfully submitted,

*/s/ Ryan L. Frei*
Ryan L. Frei (SBN 310722)
ryan.frei@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

*Counsel for Defendants Amazon.com, Inc., Amazon.com Services, LLC, Amazon Technologies, Inc. and Amazon.com.CA, Inc.*