Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
matthew.rollin@sriplaw.com

*Counsel for Plaintiff*
*Barry W. Rosen*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| BARRY W. ROSEN, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., AMAZON.COM SERVICES, LLC, AMAZON TECHNOLOGIES, INC. and AMAZON.COM.CA, INC., <br><br> Defendants. | Case No.: 2:24-cv-00771-JLS-SK <br><br> ***EX PARTE* APPLICATION FOR MATTHEW L. ROLLIN AND SRIPLAW TO WITHDRAW AS COUNSEL FOR PLAINTIFF BARRY W. ROSEN; MEMORANDUM IN SUPPORT** <br><br> The Honorable Josephine L. Staton |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

Plaintiff's Counsel, Matthew L. Rollin and SRIPLAW, P.A. ("SRIP") moves *ex parte* to withdraw as counsel for Plaintiff Barry W. Rosen.

This *ex parte* application is unopposed by the defendants and based on the attached memorandum of points and authorities, all pleadings, records and files in

this action. This application is made following the conference of counsel which took place on January 20, 2026.

Pursuant to Local Rule 7-19, Defendants' counsel's contact information is as follows:

>Ryan L. Frei
>**Klarquist Sparkman, LLP**
>One World Trade Center
>121 S.W. Salmon Street, Suite 1600
>Portland, OR 97204
>503.473.0818 – Telephone

DATED:  January 21, 2026              Respectfully submitted,


                                      */s/ Matthew L. Rollin*
                                      MATTHEW L. ROLLIN
                                      **SRIPLAW, P.A.**
                                      Attorneys for *Plaintiff Barry W. Rosen*

# MEMORANDUM IN SUPPORT

## I. INTRODUCTION

SRIPLAW, P.A. ("SRIP") and Matthew Rollin, currently counsel of record of this matter for Plaintiff, Barry W. Rosen, seek leave of the court to withdraw as counsel for plaintiff Rosen.

Irreconcilable differences that preclude SRIP and its attorneys from representing Mr. Rosen in this matter have arisen. The relationship between Mr. Rosen and SRIP and its attorneys has broken down, making it impossible for SRIP and its attorneys to continue to represent Mr. Rosen in this action.

Therefore, SRIP respectfully requests this Court to grant this application and relieve it as counsel of record, pursuant to Local Rules 83-2.3.

## II. STATEMENT OF FACTS

Plaintiff retained SRIP as its counsel of record for this litigation on May 26, 2023. Following the mediation held on March 5, 2025, the relationship between Plaintiff and its counsel has broken down and irreconcilable differences have arisen that preclude counsel from continuing to represent the Plaintiff. ((Declaration of Matthew Rollin ("Rollin Decl.") ¶¶ 3-4).

## III. LEGAL STANDARD

The decision to grant or deny an application to withdraw as counsel for a party is within the Court's discretion. *See Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, 2009 WL 2337863, at *1 (C.D. Cal. July 288, 2009). Pursuant to the local rules of this district, "[a]n attorney may not withdraw as counsel except by leave of the court." *See* Local Rule 83-2.3. "A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action … and must be supported by good cause." *Id*.

In determining whether good cause is shown, a court may consider: "(1) the reasons why the withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4)

3

the degree to which the withdrawal will delay the resolution of the case." *Liang v. Cal-Bay Int'l, Inc.,* 2007 WL 3144099, at *1 (S.D. Cal. Oct. 24, 2007).

Rule 3-700(C) of the California Rules of Professional Conduct further set forth circumstances constituting good cause for permissive withdrawal, including if the client "renders it unreasonably difficult for the [attorney] to carry out the employment effectively." *See* Cal. Prof. Conduct Rule 3-700(C)(1)(d).

### IV.  ARGUMENT

#### A.  Irreconcilable Differences and a Breakdown of Trust and Communication

The relationship between Plaintiff and SRIP has broken down and irreconcilable differences have arisen between Plaintiff and SRIP such that SRIP is not able to continue representing Plaintiff. (Rollin Decl. ¶ 4).

There has been a breakdown in trust, confidence, and communication between attorneys and client due to an insurmountable dispute that has arisen between counsel and Mr. Rosen. (Rollin Decl. ¶¶ 5-6).

The Final Pre-Trial Conference is scheduled for August 28, 2026, and the discovery cutoff is April 24, 2026 (ECF No. 32 at 2), and SRIP and its attorneys cannot effectively represent Mr. Rosen due to the breakdown in the attorney-client relationship. (Rollin Decl. ¶ 6).

The application is not made due to a failure to pay. The engagement agreement with Mr. Rosen permits SRIP and its attorneys to withdraw under these circumstances. (Rollin Decl. ¶¶ 7-8; Declaration of Joel B. Rothman ("Rothman Decl.") ¶¶ 10-11).

A breakdown in the attorney-client relationship and irreconcilable differences between counsel and their client preclude counsel from continuing to represent Plaintiff in this litigation and provides good cause to grant an order to withdraw as counsel.

**B.     Granting SRIP's Moton to Withdraw Will Not Prejudice the Rights of the Plaintiff, Defendants, Harm the Administration of Justice, or Unreasonably Delay this Litigation**

Mr. Rollin of SRIP notified Defendants' Counsel of SRIP's intent to withdraw. (Rollin Decl. ¶ 11). Defendants have indicated that they do not object to the withdrawal of SRIP or its attorneys. However, given extended delays due to communications between SRIP and Mr. Rosen, medical issues of Mr. Rollin[1], and inevitable delays resulting from Mr. Rosen either proceeding *pro se* or retaining new counsel, Defendants do not believe that the remaining time in the schedule adequately allows them to defend this matter, including completing discovery by the April 24, 2026 deadline. (*Id.*)

The Parties are aware that the Court has previously stated "no further extensions will be granted," (ECF No. 32), however, the circumstances of this case warrant one final extension as Plaintiff's Counsel withdraws from this matter. Below is a revised schedule based on Defendants' request. The proposed dates seek a two-month extension of time and assume that this Motion and the issue of whether Mr. Rosen is proceeding *pro se* or with alternate counsel are resolved by no later than March 31, 2026. If by March 31, 2026 this Motion has not been resolved, or the 30-day period for Plaintiff to retain new counsel following an order on this Motion has not yet elapsed (see Proposed Order attached hereto), Defendants seek the Court's leave to request a further adjustment to the proposed dates once those issues pertaining to Plaintiff's representation have been resolved.

| Matter | Scheduled Date (ECF No. 32) | Proposed Date |
|---|---|---|
| Fact Discovery Cut-Off | April 24, 2026 | June 23, 2026 |
| Last Day to Serve Initial Expert Reports | May 8, 2026 | July 7, 2026 |

---

[1] Rollin Decl. ¶ 12.

| Matter | Scheduled Date (ECF No. 32) | Proposed Date |
|---|---|---|
| Last Day to File Motions (except *Daubert* and all other Motions in Limine) | May 8, 2026 | July 7, 2026 |
| Last Day to Serve Rebuttal Expert Reports | June 5, 2026 | August 4, 2026 |
| Last Day to Conduct Settlement Proceedings | June 26, 2026 | August 25, 2026 |
| Expert Discovery Cut-Off | July 3, 2026 | September 1, 2026 |
| Last Day to File *Daubert* Motions | July 10, 2026 | September 8, 2026 |
| Last Day to File Motions in Limine (other than *Daubert* Motions) | July 24, 2026 | September 22, 2026 |
| Final Pre-Trial Conference (Friday at 10:30 a.m.) | August 28, 2026 | October 27, 2026 |

Finally, since Mr. Rosen has appeared personally as plaintiff there is no impediment to *pro se* representation.

## V. CONCLUSION

SRIP and its attorneys respectfully request this Court to grant the application to withdraw.

DATED: January 21, 2026       Respectfully submitted,

*/s/ Matthew L. Rollin*
MATTHEW L. ROLLIN
**SRIPLAW, P.A.**
Attorneys for *Plaintiff Barry W. Rosen*