Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
matthew.rollin@sriplaw.com

*Counsel for Plaintiff*
*Barry W. Rosen*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| BARRY W. ROSEN, | CASE NO.: 2:24-cv-00771-JLS-SK |
| Plaintiff, | **DECLARATION OF MATTHEW L. ROLLIN IN SUPPORT OF APPLICATION FOR SRIPLAW TO WITHDRAW AS COUNSEL FOR PLAINTIFF BARRY W. ROSEN** |
| v. | |
| AMAZON.COM, INC., AMAZON.COM SERVICES, LLC, AMAZON TECHNOLOGIES, INC. and AMAZON.COM.CA, INC., | |
| Defendants. | |

I, Matthew L. Rollin, declare and say:

1. I am an attorney duly licensed to practice before this Court, and I am counsel for Plaintiff BARRY W. ROSEN ("Rosen") in the above-captioned matter. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently to the matters set forth herein.

2. Irreconcilable differences that preclude SRIP and its attorneys from continuing to represent Mr. Rosen in this matter have arisen.

3. There has been a breakdown in the attorney-client relationship between Rosen and SRIP.

4. The relationship between Mr. Rosen and SRIP and its attorneys has broken down making it impossible for SRIP and its attorneys to continue to represent Mr. Rosen in this action.

5. There has been a breakdown in trust, confidence, and communication between attorneys and client.

6. Discovery cutoff is April 24, 2026, and SRIP and its attorneys cannot effectively represent Mr. Rosen due to an insurmountable dispute that has arisen between counsel and Mr. Rosen.

7. The motion is not made due to a failure to pay.

8. The engagement agreement with Mr. Rosen permits SRIP and its attorneys to withdraw under these circumstances.

9. On January 14, 2026, I informed Defendants' counsel that SRIP could not continue as counsel for Mr. Rosen and would need to withdraw as counsel.

10. On January 20, 2026, Counsel met to discuss Counsel's proposed motion to withdraw.

11. Defendants' counsel informed SRIP that the Defendants do not oppose SRIP's withdrawal, however, Defendants believe they would be prejudiced without a modification to the scheduling order because there would be an inevitable delay while Mr. Rosen appears *pro se*, or retains new counsel.

12. Although not relevant to the present motion, I wanted to inform the Court that since September 2025, I have been under-going several medical issues. While these medical issues have not caused the trust, confidence and communication issues with Mr. Rosen, it has added minor delays when communicating with Defendant's Counsel.

13. Counsel is aware that the Court had previously mentioned no further extensions will be granted. However, given the unique circumstances of withdrawal and medical issues, Counsel respectfully requests one final extension to the scheduling order, allowing SRIP to withdraw and Defendants additional time to not be prejudiced by this withdrawal.

14. A copy of this Application is being sent to Mr. Rosen immediately after filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 21, 2026.

*/s/ Matthew L. Rollin*
MATTHEW L. ROLLIN